IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 04-414-JD |
| ) | |
| TURNER'S DAIRY, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**CONSENT TO JUDGMENT**

At the mutual request of both parties, and the Court having jurisdiction over the subject matter of this litigation and over the parties to this action, the Court enters judgment as follows:

**I.   ENTRY OF JUDGMENT**.

Judgment is entered for the United States and against the Defendant on all claims raised in Plaintiff's Complaint.

**II.   PAYMENT OF $354,850 BY AUGUST 15, 2005.**

1.   Turner's Dairy, Inc. ("Turner's Dairy") agrees to pay the United States, and the United States agrees to accept, THREE HUNDRED FIFTY-FOUR THOUSAND EIGHT HUNDRED FIFTY DOLLARS ($354,850) in full and complete satisfaction of all sums Turner's Dairy is legally obligated to pay to the United States in principal and accrued late payment or overdue charges arising from its dairy processing operations alleged in Counts 1, 2 and 3 of the Complaint if Turner's Dairy tenders payment of THREE HUNDRED FIFTY-FOUR THOUSAND EIGHT HUNDRED FIFTY DOLLARS ($354,850) to the United States on or before August 15, 2005.

      2.      Turner's Dairy, Inc. shall submit payment of $354,850 in the form of a FedWire Electronic Funds Transfer.  Turner's Dairy will notify Joanie Hederman, Financial Litigation Unit Officer, United States Attorney's Office, 53 Pleasant Street, 4th Floor, Concord, NH  03301 (603) 225-1552, to obtain written instructions for the FedWire transfer.

      3.      If Turner's Dairy, Inc. does not pay the sum of $354,850 to the United States on or before August 15, 2005, then, pursuant to the terms and conditions set out in Section III below, Turner's Dairy shall proceed to liquidate its assets and to pay all sums Turner's Dairy is legally obligated to pay to the United States in the aggregate sum of FIVE HUNDRED SIXTY-SEVEN THOUSAND FIVE HUNDRED NINETY-SEVEN DOLLARS AND FIFTEEN CENTS ($567,597.15) in principal and accrued late payment or overdue charges arising from its dairy processing operations as alleged in Counts 1, 2 and 3 of the Complaint.  In that event, statutory interest as provided for in 28 U.S.C. § 1961 will accrue, calculated from the date of the entry of this judgment until the obligation has been satisfied.

**III.**    **TERMS AND CONDITIONS OF LIQUIDATION OF TURNER'S DAIRY'S ASSETS IF $354,850 NOT PAID BY AUGUST 15, 2005**.

The parties further agree, and the Court hereby orders, that, if Turner's Dairy, Inc. does not effect payment of $354,850 to the United States as set out in Section II.1 and 2 above, Turner's Dairy will liquidate its assets and make payment to the United States as follows:

      1.      The United States consents to the entry of this Consent to Judgment in reliance upon Turner's Dairy's representation that:

          a)      the corporation's sole assets consist of:

                (1)      the real estate and dairy processing plant located at 73 Brady Avenue in Salem, New Hampshire, and

      (2) the equipment located in or at that facility; and

   b) upon completion of the sale or liquidation of its assets as provided in this Consent to Judgment, the corporation intends to dissolve and to engage in no further income-producing business or commercial activity.

To the extent that Turner's Dairy, Inc. continues to exist and to engage in any income-producing business or commercial activity after sale or liquidation of its assets as provided in this Consent to Judgment, and to the extent the proceeds of the sale or liquidation of assets as provided in this Consent to Judgment are not sufficient to satisfy the judgment in this action, the United States reserves the right to pursue satisfaction of any deficiency from any assets the corporation may obtain in the future.

  2. Adjacent to Turner's Dairy's plant at 73 Brady Avenue in Salem, New Hampshire, is a residential property at 75 Brady Avenue.  The residential property is now owned by the probate Estate of the late Donald Turner, a principal owner of Turner's Dairy, Inc.  The parties to this action believe that the fair market value of the plant property at 73 Brady Avenue and the residential property at 75 Brady Avenue can both be maximized if the two properties are sold together as one unit.

  3. Turner's Dairy will negotiate promptly with authorized representatives of the Estate of the late Donald Turner to determine if the Estate will authorize the marketing of its residential property at 75 Brady Avenue, Salem, New Hampshire, along with Turner's Dairy's plant property at 73 Brady Avenue for sale as a single unit.  If the Estate of Donald Turner authorizes Turner's Dairy to market 75 Brady Avenue for sale along with 73 Brady Avenue as a single unit, Turner's Dairy will proceed as outlined below with respect to <u>both</u> properties.  If the

Estate of Donald Turner will not authorize Turner's Dairy to market the residential property at 75 Brady Avenue, Salem, New Hampshire, along with the corporation's property at 73 Brady Avenue, Salem, New Hampshire, as one unit, then Turner's Dairy will proceed as outlined below only with respect to its own property at 73 Brady Avenue, Salem, New Hampshire.

4. Turner's Dairy will promptly list with a licensed real estate agent, acceptable to the United States, the plant, equipment, and real estate at 73 Brady Avenue, Salem, New Hampshire, and, if authorized, the residential property at 75 Brady Avenue, Salem, New Hampshire, for sale at fair market value at the property's highest and best use. Turner's Dairy shall enter into such a listing or brokerage contract no later than June 3, 2005. The terms and conditions of this listing agreement or brokerage contract must be reviewed and accepted by the United States before the agreement or contract is executed.

5. In the event Turner's Dairy's real estate agent declines to market the company's equipment for sale, Turner's Dairy will promptly locate, and contract with, a suitable dealer or agent experienced in the re-sale or liquidation of the kind of equipment owned by Turner's Dairy for prompt disposition of that equipment at the highest value reasonably available.

6. Turner's Dairy will urge its agent(s) to aggressively market the real estate and equipment at 73 Brady Avenue and, if applicable, the real estate at 75 Brady Avenue, Salem, New Hampshire, for sale at fair market value at its highest and best use. No sale or liquidation will be effected without the concurrence of the United States.

7. In the event the Estate of Donald Turner will not authorize the residential property at 75 Brady Avenue, along with the corporation's property at 73 Brady Avenue, to be marketed as one unit, Turner's Dairy will take all reasonable measures to facilitate and effect

sale of the real estate at 73 Brady Avenue by promptly negotiating in good faith with the Estate of Donald Turner:

    a)    to resolve an existing encroachment of Turner's Dairy's processing plant at that location onto the adjacent house lot at 75 Brady Avenue in Salem, New Hampshire; and

    b)    to obtain an easement on the residential property at 75 Brady Avenue, Salem, New Hampshire, to allow the plant property at 73 Brady Avenue, Salem, New Hampshire, continued access to, and use of, the plant's water treatment facilities currently located on the residential property at 75 Brady Avenue, Salem, New Hampshire.

8. In the event that Turner's Dairy is authorized to proceed with the marketing of 75 Brady Avenue, Salem, New Hampshire, along with its plant property at 73 Brady Avenue, Salem, New Hampshire, as one unit, the gross value of the sale of the combined properties will be divided in two, with one half apportioned to the sole and exclusive use of the Estate of Donald Turner, and the second half apportioned to Turner's Dairy for the sole and exclusive use of the corporation.

9. After sale of Turner's Dairy's land and equipment at 73 Brady Avenue, Salem, New Hampshire, and, if applicable, the residential property at 75 Brady Avenue, Salem, New Hampshire, Turner's Dairy will promptly pay all expenses related to the sale, including listing or brokerage fees, and any outstanding real estate taxes owed on the plant property at 73 Brady Avenue, Salem, New Hampshire, and provide counsel for the United States with an accounting of:

        a)      the sale price;

        b)      if applicable, the amount of the sale price apportioned to the Estate of Donald Turner and to Turner's Dairy;

        c)      the expenses related to the sale;

        d)      all outstanding real estate taxes paid for 73 Brady Avenue; and

        e)      the resulting net proceeds of the sale owned by Turner's Dairy, Inc.

10.     Upon receipt of Turner's Dairy's accounting of the sale price, apportionment, expenses related to the sale, outstanding real estate taxes paid from the sale receipts, and of the net proceeds owned by Turner's Dairy, Inc., the United States will promptly provide Turner's Dairy with a current calculation of the interest accrued on the judgment amount under 28 U.S.C. § 1961.

11.     Upon receipt of the United States' calculation of accrued interest on the judgment, Turner's Dairy will promptly remit payment as follows:

        a)      $354,850.00 (which represents $327,540.30 in principal Turner's Dairy became obligated to pay the agricultural programs as outlined in Counts 1, 2 and 3 of the Complaint, plus $27,309.70 in late fee penalties Turner's Dairy became obligated to pay the agricultural programs during the period of its dairy processing operations as outlined in Counts 1, 2, and 3 of the Complaint); and

        b)      Fifty percent (50%) of the remaining proceeds of the sale owned by Turner's Dairy in an amount up to, but not exceeding, the remaining

        balance of the judgment amount and accrued statutory interest on the judgment after crediting of the $354,850 payment in subparagraph a) above.

12. In the event that the real estate or equipment at 73 Brady Avenue, Salem, New Hampshire, and, if applicable, the residential lot at 75 Brady Avenue, Salem, New Hampshire, is not sold within 12 months from the date of this Consent to Judgment, the plant property and equipment at 73 Brady Avenue, Salem, New Hampshire, shall be listed promptly with a licensed auctioneer, acceptable to the United States, to be sold at auction for as high a value as can be obtained, but, in any event, for no less than one half of its fair market value as determined by a licensed appraiser of the United States' choosing at the time of auction.

13. Any payments submitted to the United States pursuant to the provisions of this Consent to Judgment in an amount of $50,000 or greater, shall be submitted in the form of a Fedwire Electronic Funds Transfer. For payments of $50,000 or greater, Turner's Dairy must notify the U.S. Attorney's Office, ATTN: Financial Litigation Unit, 53 Pleasant Street, 4th Floor, Concord, NH 03301, to obtain written instructions for the Fedwire transfer. Any payments in an amount less than $50,000 shall be in the form of a certified check made payable to the U.S. Department of Justice and sent to the U.S. Attorney's Office, 53 Pleasant Street, 4th Floor, Concord, NH 03301.

14. This Consent to Judgment is intended to apply only to Turner's Dairy's obligations to the United States as set out in the Complaint in this action and does not otherwise adjudicate, resolve, extinguish, or otherwise affect any other obligation Turner's Dairy may have to the United States or any agency of the United States.

15.  The Court shall retain jurisdiction over this matter to resolve any disputes that may arise in the execution of this Consent to Judgment as may be submitted to the Court by motion of either party.

| | |
|---|---|
| Dated:  June 15, 2005 | Dated:  June 14, 2005 |
| **UNITED STATES OF AMERICA** | **TURNER'S DAIRY, INC.** |
| THOMAS P. COLANTUONO<br>United States Attorney | By their attorneys,<br><br>HYATT & HYATT |
| By: /s/ T. David Plourde<br>T. David Plourde<br>Assistant U.S. Attorney<br>N.H. Bar No. 2044<br>53 Pleasant Street, 4th floor<br>Concord, NH  03301-3904<br>603-225-1552<br>David.Plourde@usdoj.gov | By: /s/ Armand M. Hyatt<br>Armand M. Hyatt, Esq.<br>N.H. Bar No. 2846<br>8 Jackson Court<br>Lawrence, MA  01840<br>978-688-3521<br>drhyattlaw@empire.net |

SO ORDERED this 16th day of June, 2005.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Court Judge
District of New Hampshire

8